# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| David Antonio Little, Jr., | Case No. 0:24-1177-RMG-PJG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| South Carolina Dep't of Corr. Corp., *et al.*, | |
| Defendants. | |

This matter is before the Court on an appeal of the Magistrate Judge's order finding that Plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g) because he had filed at least three civil actions which were dismissed as frivolous or for failure to state a claim upon which relief could be granted. (Dkt. No. 10). Additionally, this matter comes before the Court on the Report and Recommendation of the Magistrate Judge, recommending the complaint be summarily dismissed. (*See* Dkt. No. 15). For the reasons set forth below, the Court denies Plaintiff's appeal and adopts the Report and Recommendation as the order of the Court. The Court dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**I.    Background**

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983 and 1986 alleging violation of his constitutional rights by Defendants. (*See* Dkt. No. 1). The Magistrate Judge issued a Proper Form Order on March 14, 2024, finding that Plaintiff was subject to the three strikes bar and was no longer permitted to file *in forma pauperis* unless he could show he is under imminent danger of serious physical injury. (Dkt. No. 7). The Magistrate Judge further found that Plaintiff's claims of imminent danger were "conclusory and his allegations [did] not show that he is in danger of serious physical injury." (*Id.* at 1-2).

On April 12, 2024, the Magistrate Judge issued an R&R recommending the complaint be dismissed without prejudice and without issuance of service of process pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute the case and comply with a court order. (Dkt. No. 15). Plaintiff did not file objections to the R&R.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

A review of a magistrate judge's factual findings is very deferential with reversal only where the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  The Court has reviewed the Magistrate Judge's Proper Form Order, including her determination that Plaintiff is subject to the three strikes bar of § 1915(g) and that Plaintiff has failed to set forth facts sufficient

to show he is in imminent danger of serious physical injury. (Dkt. No. 7). The Court denies Plaintiff's appeal of the Proper Form Order. (Dkt. No. 10).

Further, the Court adopts the Magistrate Judge's recommendation that Plaintiff's case is subject to involuntary dismissal under Fed. R. Civ. P. 41(b). "With the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a 'three-strikes' statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits." *Id.* An exception lies where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022).

Plaintiff was advised by this Court that he had "struck out" under 28 U.S.C. § 1915(g) in July 2023, and could no longer proceed *in forma pauperis* in future litigation. *Little v. Copeland-Little*, No. 4:23-CV-2081-RMG, 2023 WL 4882804, at *2 (D.S.C. July 31, 2023) ("With this action Plaintiff has three strikes and, per § 1915(g), the Court will no longer grant Plaintiff *in forma pauperis* status."). Plaintiff did not pay the filing fee, contending that he was in imminent danger at the time of filing his complaint. (Dkt. No. 1 at 1). The Magistrate Judge found Plaintiff's claims to be conclusory, such that the imminent danger exception of § 1915 did not apply. (*See* Dkt. No. 15 at 1-2).

Fed. R. Civ. P. 41(b) provides that a plaintiff's case may be subject to involuntary dismissal where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." The Magistrate Judge warned Plaintiff that his case would be subject to dismissal if he did not bring the case into proper form, and allowed him twenty-one (21) days, plus three (3) days for mail time, to pay the filing fee and complete summons and service information for the Defendants. (*See* Dkt. No. 7 at 2). Plaintiff failed to comply with this court order, and instead sought to appeal the Magistrate Judge's decision denying him the right to proceed *in forma pauperis*. (*See* Dkt. No. 10).[1] Plaintiff did not pay the filing fee, and the deadline to do so has passed. As a result, Plaintiff's case is subject to involuntary dismissal.

### IV.   Conclusion

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **DENIES** Plaintiff's appeal (Dkt. No. 10), adopts and incorporates the Report and Recommendation (Dkt. No. 15) as the order of the Court, and **DISMISSES** this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 3, 2024
Charleston, South Carolina

---

[1] Plaintiff's appeal stated that "there is no lawful money to pay any forms of fees or debts." (Dkt. No. 10). This is the apparent basis upon which Plaintiff refuses to pay his filing fee. This appeal is frivolous and is denied.